**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| Building Materials Corporation of America | ) | |
| Asphalt Roofing Shingle Products Liability | ) | MDL No.: 8:11-mn-02000-JMC |
| Litigation, | ) | |
| ———————————————————— | ) | |
| | ) | |
| Tina Griffin, on behalf of herself | ) | |
| and all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 8:12-cv-00082-JMC |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Building Materials Corporation of America, | ) | |
| dba GAF Materials Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |

This matter is before the court on Defendant Building Materials Corporation of America,

doing business as GAF Materials Corporation's ("GAF"), Motion to Dismiss the First Amended

Complaint for Failure to State a Claim Upon Which Relief Can be Granted [Dkt. No. 22].

Extensive memoranda in support of and in opposition to this motion have been filed by the

parties.  Having considered the written arguments of the parties and the record before the court,

GAF's motion is granted in part and denied in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

GAF is a Delaware corporation with its principal place of business in Wayne, New

Jersey.  It manufactures roofing materials, including asphalt roofing shingles marketed under the

Timberline® brand name, in facilities located across the United States and sells these shingles

nationwide.  Plaintiff Tina Griffin ("Griffin") is a homeowner in Bellingham, Massachusetts,

1

who owns a home roofed with Timberline Ultra shingles.  Griffin does not specify when she

purchased the shingles, but her complaint alleges that she "did not discover that her GAF

shingles were cracked and cracking until 2007, less than 12 years after installation."  Amended

Complaint, at ¶128 [Dkt. No. 17].  Griffin further alleges that she filed a warranty claim, which

GAF accepted.  However, GAF disputes having any record of the warranty claim.  In purchasing

the shingles, Griffin contends that she relied on certain representations made by GAF and its

agents including, but not limited to, promotional statements marketing the shingles as having

superior durability qualities and expressly warranting on the shingle packaging that the product

complied with ASTM International ("ASTM") industrial standard D3462.  She further alleges

that the shingles installed on her roof were manufactured and sold to her with a latent defect that

causes the shingles to prematurely crack, of which GAF was aware but intentionally failed to

disclose to Griffin and other consumers.  Griffin brings this putative class action against GAF

asserting claims for breach of express and implied warranties (counts I and II); negligence and

negligent failure to instruct or to warn (counts III and IV) (together, the Tort Claims); violation

of the New Jersey Consumer Fraud Act ("NJCFA") (count V); violation of the Pennsylvania

Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (count VI);[1] unjust

enrichment (Count VII); declaratory and injunctive relief (count VIII); and fraudulent

concealment/equitable tolling (count IX); arising from GAF's sale of the allegedly defective

roofing shingles.

## LEGAL STANDARD

**Standard of Review**

        To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a

---

[1] In her Response memorandum to GAF's Motion to Dismiss, Griffin acknowledges that the consumer fraud claim under the UTPCPL should be dismissed.  Therefore, the court dismisses Count VI of the Amended Complaint.

complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice . . . of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

3

**Choice of Law**

"This case is predicated on diversity jurisdiction and was filed in federal court, so it is governed by state substantive law and federal procedural law. For diversity cases that are transferred in a [multi-district litigation], the law of the transferor district follows the case to the transferee district." *In re MI Windows and Doors, Inc. Prod. Liab. Litig.*, Nos. 2:12–mn–00001, 2:12–cv–01256–DCN, 2012 WL 4846987, at *1 (D.S.C. Oct. 11, 2012) (citing *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co*., 611 F.3d 339, 345 (7th Cir. 2010) and *Manual for Complex Litigation Fourth* § 20.132). This case was originally filed in the United States District Court for the District of Massachusetts. Therefore, Massachusetts's choice-of-law rules apply in this case. *See Klaxon Co. v. Stentor Elec. Mfg. Co*., 313 U.S. 487, 496–97 (1941); *Colgan Air, Inc. v. Raytheon Aircraft Co*., 507 F.3d 270, 275 (4th Cir. 2007) (per curiam); *In re Neurontin Mktg. & Sales Practices Litig.*, 2011 WL 3852254 (D. Mass. Aug. 31, 2011). The court may appropriately undertake a choice of law analysis at the motion to dismiss stage. *See Dean ex rel. Estate of Dean v. Raytheon Corp.*, 399 F. Supp. 2d 27, 33 (D. Mass. 2005) (granting defendant's motion to dismiss after conducting a choice-of-law analysis); *Gonzalez v. Johnson*, 918 N.E.2d 481 (Mass. App. Ct. 2009) (affirming lower court's decision to dismiss after it conducted a choice-of-law analysis).

Griffin has essentially conceded the applicability of Massachusetts law in all claims except the NJCFA claim as she primarily relies on law from the United States Court of Appeals for the First Circuit, the United States District Court in Massachusetts, and Massachusetts state law throughout her response memorandum and only challenges the choice of law issue as it applies to the NJCFA claim. Accordingly, the court will focus its analysis of the choice of law issue on the NJCFA claim.

## DISCUSSION

### Statute of Limitations on Griffin's Warranty Claims

GAF contends that Griffin's warranty claims are barred because the statute of limitations expired before she commenced her action against GAF. GAF asserts that the Massachusetts four-year statue of limitations for breach of warranty in the sale of goods applies to this action. [2] *See* Mass. Gen. Laws Ann. ch. 106, § 2-725 (1).

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Mass. Gen. Laws Ann. ch. 106, § 2-725 (2).

The First Circuit Court of Appeals, interpreting § 2-275(2) has stated: "[t]o determine whether a warranty is one of future performance, we must look to the language of the warranty itself to determine whether it *explicitly* guarantees the future performance of the goods." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 323 (1st Cir. 2008) (emphasis in original). Further, a warranty that includes a promise to repair "does not explicitly guarantee the future performance of the goods," but merely "warrants the future performance of the warrantor." *Id*. (citations omitted).

Griffin, relying solely on Plaintiffs' Omnibus Memorandum, vigorously argues that her warranty claims should survive because GAF's alleged marketing and advertising representations that the shingles would last a certain number of years was sufficient to constitute a warranty for future performance under Mass. Gen. Laws Ann. ch. 106, § 2-725 (2). However,

---

[2] Griffin does not dispute the application of the four-year statute of limitations pursuant to Mass. Gen. Laws Ann. ch. 106, § 2-725 (1) in this case. Therefore, the court will assume without deciding that the warranty claims are subject to this statute of limitations and not any other.

Griffin's Amended Complaint does not allege that GAF specifically and expressly warranted the future performance of the shingles. Instead, the Smart Choice Warranty affixed to the shingle packaging simply provided for contribution to the repair or replacement of the shingles in the event the shingles manifested a defect or failed to perform within certain limitations over a specified number of years. *See* Smart Choice Warranty [Dkt. Nos. 22-7 – 22-17]. Therefore, the court does not find that Griffin has sufficiently pled factual allegations to support a claim that GAF extended a warranty for future performance.

However, Griffin additionally contends that her claim is still timely filed because the statute of limitations was equitably tolled by GAF's acts of fraudulent concealment. "Under the doctrine of fraudulent concealment, a plaintiff's fraud claims are tolled until the fraud is discovered." *In re New England Mut. Life Ins. Co. Sales Practices Litig.*, 236 F. Supp. 2d 69, 78 (D. Mass. 2002) *aff'd sub nom. In re New England Life Ins. Co. Sales Practices Litig.*, 346 F.3d 218 (1st Cir. 2003) (citations omitted). Equitable tolling on the basis of fraudulent concealment is expressly provided for by statute in Massachusetts. *Sousa v. BP Oil, Inc.*, 1995 WL 842003 (D. Mass. Sept. 12, 1995) *aff'd in part, dismissed in part*, 98 F.3d 1357 (Fed. Cir. 1996).

> If a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of the action.

Mass. Gen. Laws Ann. ch. 260, § 12. A party seeking to toll the statute of limitations "must show something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action." *In re New England Mut. Life*, 236 F. Supp. 2d at 78 (citations omitted).

In her Amended Complaint, Griffin alleges that GAF affirmatively misrepresented the quality of its product by marketing and labeling its shingles as ASTM and code compliant despite GAF's alleged knowledge that such representations were false. *See generally,* Amended

6

Complaint. Griffin further alleges that, due to the latent nature of the alleged defect, she had no reasonable method of discovering her cause of action until the product began to manifest an issue that would have prompted some manner of inquiry as to the source of the problem. *Id*. The court finds that Griffin has sufficiently alleged fraudulent concealment/equitable tolling to survive GAF's efforts to dismiss her warranty claims based on the statute of limitations. Therefore, the court denies GAF's request to dismiss Griffin's warranty claims on this basis.

**Statute of Limitations on Griffin's Tort Claims**

GAF contends that Griffin's negligence and negligent failure to warn claims are time-barred by the three-year statute of limitations applicable to negligence causes of action in Massachusetts. *See* Mass. Gen. Laws Ann. ch. 260, § 2A[3] ("Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues.") *See also Fidler v. Eastman Kodak Co.*, 714 F.2d 192, 196 (1st Cir. 1983) (finding negligent failure to give adequate warning and instructions subject to statute of limitations in § 2A). "Massachusetts courts apply the 'discovery rule' in both negligence and products liability actions." *Lareau v. Page*, 840 F. Supp. 920, 925 (D. Mass. 1993) *aff'd*, 39 F.3d 384 (1st Cir. 1994). Pursuant to the discovery rule, "the plaintiff's cause of action does not accrue until she knows or reasonably should have known that she was injured at the defendant's hands." *Id.* Therefore, "the statute of limitations begins to run when the injured person has notice of the claim. The 'notice' required is not notice of every fact which must eventually be proved in support of the claim." *White v. Peabody Const. Co., Inc.*, 434 N.E.2d 1015, 1020 (Mass. 1982).

---

[3] Griffin does not dispute the application of the three-year statute of limitations pursuant to Mass. Gen. Laws Ann. ch. 260, § 2A in this case. Therefore, the court will assume without deciding, that the negligence claims are subject to this statute of limitations.

Griffin's complaint alleges that she "did not discover that her GAF shingles were cracked and cracking until 2007." Amended Complaint, at ¶128.  Assuming that her cause of action accrued at the latest on December 31, 2007, she was required to bring suit by December 31, 2010.  Plaintiff did not file her complaint until December 9, 2011.  Accordingly, Griffin's tort claims are barred by the statute of limitations.

**The Economic Loss Rule**

Alternatively, GAF argues that Massachusetts law also recognizes that the economic loss rule may bar claims for breach of implied warranty.  *See Everett J. Prescott, Inc. v. Nat'l Grange Ins. Co.,* 923047, 1993 WL 818680 (Mass. Super. Dec. 1, 1993).   "[T]he theory of breach of implied warranty is essentially the same as strict liability in tort.  Accordingly, unless the plaintiffs are able to show that they sustained personal injury or damage to other property, the economic loss doctrine bars their claims for negligence and breach of implied warranties." *Cruickshank v. Clean Seas Co.*, 346 B.R. 571, 582 (D. Mass. 2006).

Under Massachusetts law, "purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage."  *FMR Corp. v. Boston Edison Co.*, 613 N.E.2d 902, 903 (Mass. 1993). Such purely economic losses may include "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits without any claim of personal injury or damage to other property." *Sebago, Inc. v. Beazer E., Inc.*, 18 F. Supp. 2d 70, 89 (D. Mass. 1998) (citations omitted).  The economic loss rule "reflects certain underlying policy rationales that are applicable to cases involving the sale of an allegedly defective product, including the rationale that where a commercial product injures itself and nothing or no one else, there is no need to create a product liability cause of action independent of contract obligation." *Cruickshank*, 346 B.R. at 582

(quotation marks omitted).    Therefore, "when a commercial product fails without harming persons or other property, the resulting loss due to repair costs, decreased value, and lost profits is essentially the failure of the purchaser to receive the benefit of its bargain — traditionally the core concern of contract law."  *Rule v. Fort Dodge Animal Hosp., Inc.*, 604 F. Supp. 2d 288, 293 (D. Mass. 2009) (citations and quotation marks omitted).

Here, the parties dispute whether Griffin has adequately alleged damage to "other property" to survive dismissal.  GAF contends that Griffin has not alleged any damages related to the purported defect associated with the ASTM representation.  First, GAF notes that Griffin fails to allege any damage to property other than the shingles on her roof.  In support of its argument, GAF directs the court to several allegations in the Amended Complaint where Griffin alleges in a conclusory manner, without any factual support, that she has a "real and present injury in that she owns a home with substandard and damaged shingles that do not comply with ASTM D3462," and that the damage "includes the cost to replace the shingles to become code compliant and to avoid further damage to other parts of the structure caused by defective and cracking shingles."  Amended Complaint, at ¶137.  Griffin further alleges that the "degradation and failure of the GAF shingles causes damage to property other than the shingles themselves both while in use and during the removal and reinstallation process" though she does not point to specific damage caused by these processes.  *Id.* at ¶ 180.   Further, Griffin alleges that the cracked shingles can cause damage to "other roofing material, the roof itself, structural elements, interior walls and ceilings and building contents," but she does not allege that this has actually occurred.  *Id.* at ¶ 78.  Other allegations in the Amended Complaint generally refer to "damage to property other than the GAF shingles, consequential, and incidental damages."  *Id.* at ¶ 181.

9

Other than conclusory statements concerning speculative and hypothetical damage to Griffin's property and that of the putative class members, the court finds that Griffin has failed to sufficiently allege any damage to "other property."  Additionally, it is undisputed that this case does not involve any allegations of personal injury.  Without any allegation of actual injury to property other than the defective product itself and the consequential damages resulting from the replacement of the defective product, Griffin has presented the court with actions merely sounding in tort, which would generally bar her claim for breach of an implied warranty.

However, Griffin urges the court to apply the fraud exception to the economic loss rule such that her claim for breach of implied warranty is not barred by that rule.  Massachusetts law recognizes such an exception where negligent misrepresentation has occurred.  *Nota Const. Corp. v. Keyes Associates, Inc.*, 694 N.E.2d 401, 405 (Mass. App. Ct. 1998).  To recover for negligent misrepresentation, "a plaintiff must prove that the defendant (1) in the course of his business, (2) supplies false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance upon the information, and (6) with failure to exercise reasonable care or competence in obtaining or communicating the information."  *Id*. at 405.

Here, Griffin has alleged that GAF knowingly or negligently supplied false information in its packaging of the Timberline shingles, upon which Plaintiff and the putative class members justifiably relied, which further caused Plaintiff and the putative class members pecuniary loss. *See generally*, Amended Complaint.  Therefore, she has adequately alleged negligent misrepresentation such that her claim is not automatically barred by the economic loss doctrine. Accordingly, the court will not dismiss Griffin's breach of implied warranty claim on the basis of the economic loss doctrine.

10

**Fraud Claims**

GAF seeks dismissal of all claims contained in Griffin's Amended Complaint, which are based on allegations of fraudulent conduct (i.e., violation of the New Jersey Consumer Fraud Act ("NJCFA") (count V) and fraudulent concealment/equitable tolling (count IX)[4]).

Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The United States Court of Appeals for the First Circuit has stated that this "heightened pleading standard is satisfied by an averment of "the who, what, where, and when of the allegedly false or fraudulent representation." *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.,* 374 F.3d 23, 29 (1st Cir. 2004). "The requirement that supporting facts be pleaded applies even when the fraud relates to matters peculiarly within the knowledge of the opposing party." *Wayne Inv., Inc. v. Gulf Oil Corp.,* 739 F.2d 11, 14 (1st Cir. 1984). This special pleading requirement "provides the defendant with notice of the grounds on which plaintiff's fraud claim rests." *Id.*

Upon review of the Amended Complaint, the court finds that the majority of Griffin's claims of fraudulent conduct do not meet the heightened standard of Rule 9(b). Although Griffin's Amended Complaint contains copious allegations concerning GAF's advertising, marketing, and fraudulent concealment of information, Griffin fails to specify the time, place, or manner of these alleged fraudulent activities. In fact, Griffin's Amended Complaint

---

[4]GAF correctly notes that under Massachusetts law, there is no independent cause of action for fraudulent concealment. *See Baldyga v. Town of Dudley,* 2009 WL 323384 (Mass. Supp. Jan. 13, 2009). Rather, fraudulent concealment "provides a possible tolling of the running of the Statute of Limitations against the plaintiff during the period that the cause of action was found to have been fraudulently concealed." *Id.* Defendant does not dispute this point. Fraudulent concealment saved Griffin's warranty claims, as noted above, but it has no application to Griffin's claim under the NJCFA. Further, because fraudulent concealment is not a separate cause of action, the court dismisses Count IX.

predominantly rests on broad assertions regarding GAF's conduct in other litigation. Griffin's allegations against GAF regarding its alleged statements in brochures, on websites, in advertising, or in sales presentations fail the pleading standard of Rule 9(b) and cannot support Griffin's fraud based causes of action.

However, Griffin has not made any independent claim for common law fraud. Therefore, Griffin need plead only one allegation of fraudulent conduct with sufficient particularity to survive dismissal, which the court finds that Griffin has sufficiently provided here. Specifically, Griffin claims that she and anyone purchasing the shingles on her behalf relied on the written representations regarding the ASTM standards and code compliance affixed to the shingles packaging purchased and installed on Griffin's home in Massachusetts. *See* Amended Complaint, at ¶¶ 117-122. This allegation supplies the necessary who, what, when, and where to meet the Rule 9(b) pleading standard. Therefore, the court will not base its dismissal of Griffin's fraud based claims on this argument, to the extent the fraud claims could have been supported by her allegations concerning the representations affixed to the shingle packaging purchased and installed on her home.

**New Jersey Consumer Fraud Act**

GAF further argues that the court should dismiss Griffin's NJCFA claim because she is not entitled to any relief under the statute. Specifically, GAF asserts that Griffin is a Massachusetts resident and the home on which the shingles were installed is located in Bellingham, Massachusetts. Further, GAF notes that the instant action was originally filed in Massachusetts and that as a result, Massachusetts choice-of-law rules apply.

### A.  Existence of Actual Conflict

To determine whether Griffin may proceed with her cause of action under the NJCFA, this court must first evaluate whether there is an actual conflict between the consumer protection laws of Massachusetts and New Jersey. Although neither party expressly addressed this threshold issue in their briefing, the court presumes that the parties intended to aver the existence of an actual conflict between the laws of the two jurisdictions concerning misleading advertising because in the absence of a conflict, Massachusetts law would necessarily apply and it would have been unnecessary for Griffin to argue New Jersey's interests in the choice-of-law analysis.

The NJCFA, *see* N.J. Stat. § 56:8-1 *et seq.*, "is designed to address 'sharp practices and dealings  . . . whereby the consumer could be victimized by being lured into a purchase through fraudulent, deceptive or other similar kind of selling or advertising practices.'" *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 97 (D.N.J. 2011) (quoting *Daaleman v. Elizabethtown Gas Co.*, 77 N.J. 267, 271, 390 A.2d 566 (1978)).  To state a claim under the NJCFA, "a plaintiff must demonstrate three elements: (1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss.  A party need not plead reliance under the NJCFA."  *Id*. at 446.

Massachusetts's consumer protection statute deems "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" unlawful.  Mass. Gen. Laws ch. 93A, § 2(a). "Conduct is unfair or deceptive if it is 'within at least the penumbra of some common-law, statutory, or other established concept of unfairness or [is] immoral, unethical, oppressive or unscrupulous." *Rodi v. S. New England Sch. of Law*, 532 F.3d 11, 19 (1st Cir. 2008) (citations omitted). "[T]o recover under Chapter 93A based on [a] claim of fraudulent misrepresentation, [the plaintiff] must prove reasonable reliance."  *Id.*  Given that a

13

claim under the NJCFA does not include the element of reliance but similar claims under

Massachusetts laws do, there is a conflict of law.

Massachusetts state courts apply "a functional choice of law approach that responds to

the interests of the parties, the States involved, and the interstate system as a whole." *Reicher v.*

*Berkshire Life Ins. Co. of Am.*, 360 F.3d 1, 5 (1st Cir. 2004).  This analysis is "explicitly guided

by the Restatement (Second) of Conflict of Laws (1971)."  *In re Neurontin Mktg. & Sales*

*Practices Litig*., 2011 WL 3852254, at *52 (citations omitted).  "Where a plaintiff raises claims

based on misrepresentation, Restatement Section 148 applies." *Id*.  Specifically, Section 148

provides:

> (1) When the plaintiff has suffered pecuniary harm on account of his reliance on
> the defendant's false representations and when the plaintiff's action in reliance
> took place in the state where the false representations were made and received, the
> local law of this state determines the rights and liabilities of the parties unless,
> with respect to the particular issue, some other state has a more significant
> relationship under the principles stated in § 6 to the occurrence and the parties, in
> which event the local law of the other state will be applied.
>
> (2) When the plaintiff's action in reliance took place in whole or in part in a state
> other than that where the false representations were made, the forum will consider
> such of the following contacts, among others, as may be present in the particular
> case in determining the state which, with respect to the particular issue, has the
> most significant relationship to the occurrence and the parties:
>
>> (a) the place, or places, where the plaintiff acted in reliance upon the
>> defendant's representations,
>> (b) the place where the plaintiff received the representations,
>> (c) the place where the defendant made the representations,
>> (d) the domicile, residence, nationality, place of incorporation and place of
>> business of the parties,
>> (e) the place where a tangible thing which is the subject of the transaction
>> between the parties was situated at the time, and
>> (f) the place where the plaintiff is to render performance under a contract
>> which he has been induced to enter by the false representations of the
>> defendant.

*Restatement (Second) of Conflict of Laws* § 148 (1971).  Massachusetts's courts also consider:

14

> (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability, and uniformity of result, and (g) ease in the determination and application of the law to be applied.

*Reicher,* 360 F.3d at 5 (quoting *Restatement (Second) Conflict of Laws* § 6 (1971)).

Taking the allegations of the Amended Complaint as true, it is apparent that subsection (1) of section 148 is inapplicable here as Griffin alleges that GAF's advertising and marketing statements and representations were made or originated from GAF's headquarters in New Jersey but acknowledges that her exposure to the statements and representations was limited to her review of the shingle packaging in Massachusetts. Accordingly, the court will apply the factors specified in subsection (2) of Restatement Section 148.

Based on the allegations of the Amended Complaint, Griffin allegedly became aware of and relied upon GAF's representations in Massachusetts. Additionally, the Amended Complaint alleges that the subject shingles were located in Massachusetts at all relevant times of Griffin's awareness and reliance on the representations. Griffin further alleges that GAF made the representations from its headquarters in New Jersey. Lastly, the contract performance obligation factor has no application here, and the remaining factors have neutral application because each party resides in their respective jurisdictions. In sum, three of the six factors of Section 148 weigh in favor of applying Massachusetts law. Viewing this in consideration of the general conflict of law principles found in Restatement Section 6, the court finds that Massachusetts law is applicable to Griffin's claims and she may not recover under the NJCFA. This finding is consistent with other courts' evaluation of similar claims. *See e.g., Montich v. Miele USA, Inc.*, 849 F. Supp. 2d 439 (D.N.J. 2012) ("A majority of courts in this District have held that the mere fact that a company is headquartered in New Jersey or 'that unlawful conduct emanated from

15

New Jersey' will not supersede the numerous contacts with the consumer's home state for purposes of determining which state has the most significant relationship under Restatement § 148(2).") (collecting cases).   Therefore, the court dismisses Griffin's NJCFA cause of action against GAF with prejudice.

**Unjust Enrichment**

GAF contends that Griffin's claim for unjust enrichment is precluded because GAF's limited warranty provides an adequate remedy at law.  Under the doctrine of unjust enrichment, "a plaintiff seeks restitution of a benefit conferred on another whose retention of the benefit at plaintiff's expense would be unconscionable." *Smith v. Jenkins*, 626 F. Supp. 2d 155, 170-71 (D. Mass. 2009).  To succeed on a cause of action for unjust enrichment, a plaintiff must show "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification and (5) the absence of a remedy provided by law." *Id.* (citations omitted).

Griffin argues that it is entitled to allege an unjust enrichment claim as an alternative theory of recovery.   A party may "allege different and even inconsistent theories of recovery" at the pleading stage. *Frontier Mgmt. Co., Inc. v. Balboa Ins. Co.*, 658 F. Supp. 987, 994 (D. Mass. 1986); *see also Bunge Oils, Inc. v. M & F Mktg. Dev., LLC,* 2005 WL 629489 (D. Mass. Mar. 15, 2005) (denying motion to dismiss unjust enrichment claim even where such claim relied on the "same allegations that support the contract-based claims   . . . but states an alternative equitable theory of recovery if the contract claims prove insufficient.").  Such pleadings in the alternative are a common practice in the early stages of litigation. *See Smith*, 626 F. Supp. 2d at 170-71.   Therefore, the claim may proceed, but Griffin must eventually make an election between a remedy at law and one in equity.

**Declaratory and Injunctive Relief**

Finally, GAF seeks dismissal of Griffin's claims for a declaratory judgment and injunctive relief on the basis that these are remedies and not independent causes of action. "[I]njunctive relief is not a stand-alone cause of action under Massachusetts or federal law." *Payton v. Wells Fargo Bank, N.A.*, 2013 WL 782601 (D. Mass. Feb. 28, 2013); *See also Green v. Parts Distribution Xpress, Inc.*, 2011 WL 5928580 (D. Mass. Nov. 29, 2011) (noting that injunctive relief is a prayer for relief, not a free–standing claim); *Unitrode Corp. v. Linear Tech. Corp.,* 2000 WL 281688, at \*5 (Mass. Super. Ct. Feb. 17, 2000) (dismissing a stand-alone count for injunctive relief because it "states a claim for a remedy, not a cause of action" and adds nothing to the complaint where injunctive relief is specified in the "prayers for relief" section of the complaint).

While Griffin may request declaratory and injunctive relief as remedies where appropriate based on properly stated causes of action, the court must conclude that the Amended Complaint fails to state an independent basis for either declaratory or injunctive relief separate and apart from the other causes of action asserted in the Amended Complaint.  Therefore, the court shall consider Griffin's claims for injunctive and declaratory relief as alternative and/or additional remedies for the causes of action already asserted but dismiss the claims as independent causes of action.

## CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART AND DENIES IN PART** GAF Materials Corporation's Motion to Dismiss the First Amended Complaint for Failure to State a Claim Upon Which Relief Can be Granted [Dkt. No. 22] as set forth herein.  Plaintiff Tina

17

18

Griffin may amend her complaint to address the deficiencies noted by the court in this order and

any such amended pleading must be filed within thirty (30) days of the date of this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 27, 2013
Greenville, South Carolina